JOINT CASE MANAGEMENT PLAN

Attorney for Plaintiff:      Errick Phillips ( Pro Se )


Attorney for Defendants:     Thomas Caffrey, Donald E. Wieand, Jr.




UNITED STATES DISTRICT COURT EASTERN DISTRICT
OF PENNSYLVANIA




ERRICK PHILLIPS

                      PLAINTIFF

                                                 CASE NO. 08-cv-1388
v.
TONY ALSLEBEN. et al.,

                      DEFENDANTS

RECEIVED
SEP 1 0 2008


JOINT CASE MANAGEMENT PLAN


    Instructions: In many cases there will be more parties in the action than there are spaces provided in this form. If the space on this form is not sufficient, the form should be retyped or additional pages attached.
    No party may submit a seperate Case Management Plan. Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.
    Having complied with the meet and confer requirements set forth in the **LOCAL RULES**, or with any above-caption matter, the parties hereby submit the following Joint Case Management Plan.

**1. Pricipal Issues**

    1.10 Separately for each party, please give a statement summarizing this case:

      By plaintiff(s): <u>On the day in question, Tony Alsleben approached plaintiff, allegedly because he received a radio dispatch providing a general discription of a black male who was walking up and down the street looking into several vehicles and businesses. Alsleben fabricated testimony that he received(i.e 911 call) in which was contradictory to the initial 911 call, plaintiff was in the process of retrieving personal items from a friend's vehicle, "whom was present" at which time he was approached in a racist, treatening manner without probable cause by the said officer. Petitioner fearing for his life ran. Petitioner was apprehended, handcuffed by the defendants, beat, stomped and kicked in the mouth, plaintiff lost a tooth and three others were severely loosened as a result of the defendants actions. To justify the racially motivated attack and excessive force, the said defendants concocted and manufactured a fraudulent criminal complaint, and maliciously prosecuted that complaint.</u>

      By defendant(s): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

The factual issues that the parties dispute are:

1.11- **Malicious Prosecution**

1.12- **Racial Profiling**

1.13- **The Defendants Fabricated Testimony to Maliciously Prosecute Plaintiff**

1.14- **Unlawful Arrest** ( on Deputy Kester's part )

1.15- **Excessive Use Of Force**

1.16- **Crule and Unusual Punishment**

1.17- **Mental Anguish**

1.18- **Defendants committed Fraud, Instrinsic Fraud & Ex-
trinsic Fraud**

Agree upon are: **NONE**

1.30 The principal leagal issues that parties dispute are:

    1.31- **Malicious Prosecution**

    1.32- **Unlawful Arrest** ( on Deputy Kester's part )

    1.33- **Excessive Use Of Force**

    1.34- **Violation of Plaintiff's 1st,4th,8th & 14th Amendment
of the United States Constitutional, & Federal
Rights**

Agreed upon: **NONE**

**1.50** Idenify any unresolved issues as to service of process,
personal jurisdiction, subject matter jurisdiction, or venue: **NONE**

**1.60** Identify any named parties that have not yet been served:
**NONE**

**1.70** Identify any additional parties that:
plaintiff(s) intends to join: **NONE**

defendant(s) intends to join:

**1.80** Identify any additional claims that:
plaintiff(s) intends to add: **Pain and Suffering, Cruel
and Unusual Punishment, Mental/Physical Anguish, Emotional
abuse.**

defendant(s):

**2.0 Altenative Dispute Resolution ("ADR" )**

    2.10 Identify any ADR procedure to which this case already
has been assigned or which the parties have agreed to
use.

ADR procedure **NONE**
Date ADR to be commenced _____
Date ADR to be completed _____

2.20 If parties have been unable to agree on an ADR procedure,
     but one or more parties believes that the case is appro-
     priate for such procedure, identify the party or parties
     that recommend ADR and the specific ADR process recom-
     mended: **NONE**

2.30 If all parties share the view that no ADR procedure
     should be used in this case, set forth the basis for
     that view:

## 3.0 Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C
636(c)(1), to have a magistrate judge preside as the judge of
this case with appeal lying to the United States Court of
Appeals for the Third Circuit:

All parties agree to juridiction by a magistrate judge of this
court: __Y _X_ **N**.

If parties agree to proceed before a magistrate judge, please
indicate below which location is desired for the proceeding:
                  ____ Scranton
                  ____ Wilkes-Barre
                  ____ Harrisburg

## 4.0 Disclosures

4.100 Separately for each party, list by <u>name and title/position</u>
      each person whose identity has been disclosed by <u>Plaintif:</u>
      <u>Name</u>                        <u>Title/Position</u>
4.102 <u>Tony Alsleben</u>              <u>Allentown Police Officer</u>
4.103 <u>Kevin Kennedy</u>             <u>Allentown Police Officer</u>
4.104 <u>Craig Koppel</u>              <u>Allentown Police Officer</u>
4.105 <u>Tony Sube</u>                 <u>Allentown Police Officer</u>

4.106 <u>Eric Kester</u>                    <u>Lehigh County Deputy Sheriff</u>

4.151 Disclosed by <u>Defendant(s):</u>
      <u>Name</u>                                    <u>Title/Position</u>
    4.152 _____         _____
    4.153 _____         _____
    4.154 _____         _____
    4.155 _____         _____

4.200 Separately for each party, desribe by <u>categories</u> the
    documents that have been disclosed or produced through
    formal discovery, indicating which categories relate
    (even if not exclusively) to damages:

    4.201 Categories disclosed by <u>Plaintiff</u>:
        4.202 <u>Tony Alsleben, copy of 911 call by Chris</u>
            <u>Gabellini, Police complaint writen by Alsleben</u>
            <u>Related damages: 911 call- racil profiling,</u>
            <u>fraud, and malicious prosecution. Police</u>
            <u>criminal complaint- malicious prosecution</u>
            <u>fraud.</u>
        4.203 <u>Eric Kester, Sheriff incident report. Related</u>
            <u>damages- malicious prosecution, and fraud.</u>
    4.251 Categories of documents disclosed by <u>Defendant(s)</u>:
        4.252 _____
            _____
        4.253 _____
            _____
        4.254 _____

4.300 <u>Additional Documents Disclosures</u>: Separately for each
    party, describe each additional category of documents
    that will be disclosed without imposing on other counsel
    the burden of serving a formal request for production
    of documents:

4.301 Additional categories of documents <u>Plaintiff</u> will disclose: "Soon as they become availible"

    4.302 <u>Workmans compensation claim for Kevin Kennedy.</u>

    4.303 <u>All complaints, and disciplinary actions brought against Alsleben, Kennedy, Sube and Koppel.</u>

    4.304 <u>Medical records for Deputy Eric Kester.</u>

    4.305 <u>Exhibits entered at plaintiff's trial(9/6/07) photos of plaintiff's injuries, photos of defendant Kevin Kennedy's ijury to eye, photo of driveway where plaintiff was assaulted.</u>

    4.306 <u>Dental records and dental treatment procedures for Kevin Kennedy.</u>

    4.307 <u>Photos of plaintiff's knuckles, elbows, and face after defendant's assault.</u>

4.400 Separately for each party who claims an entitlement to damages or offset, set forth the computation of the damages or the offset:

    4.401 plaintiff's calculation of damages:

    **Tony Alsleben**-Compensation$250.000.00, for racial profiling, malicious prosecution, fraud, excessive use of force. Punitive damages in the amount of $250.000.00.

    **Kevin Kennedy**-Compensation $250.000.00, for fraud, malicious prosecution, racial discrimination,excessive use of force. Punitive damages in the amount of $250.000.00.

    **Eric Kester**-Compensation $250.000.00, for fraud, malicious prosecution,unlawful arrest,racial discrimination,excessive use of force. Punitive damages in the amout of $250.000.00.

    **Tony Sube**-Compensation $250.000.00, for fraud, malicious prosecution,racial discrimination, excessive use of force. Punitive damages in the amount of $250.000.00.

Craig Koppel-$250.000.00, for racial discrimi-
nation, excessive use of force. Punitive
damages in the amount of $250.000.00.

4.402 defendant's calculation of offset:

4.403 counter claimant/third party claimant's cal-
culation of damages:

## 5.0 Motions

Identify any motion(s) whose early resolution would <u>likely</u>
have a significant effect either on the scope of discovery or
other aspects of the litigatation:

| Nature of motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Motion to Depose Plaintiff. | Defendants | 8/21/2008 |
| Motion to subpoena evidence documents and things. | Plaintiff | filed. |
| Motion to Disclose; Discovry "Rules 26(2)(B), (2)(C)(i)". | Plaintiff | filed. |

## 6.0 Discovery

6.100 Briefly describe any discovery that has been completed
or is in progress:
By Plaintiff(s): copy of original 911 call, Police Criminal
Complaint, News Paper Article, Sheriff incident report,
Motion to Disclose; Discovery "rules 26(2)(B),(2)(C)(i)".

By Defendant(s): Motion to Depose Plaint.

6.200 Describe any <u>discovery</u> that all parties agree should be
conducted, indicating for each discovery undertaking its
pupose or what kinds of information will be developed
through it (e.g., "plaintiff will depose Mr. Jones,
defendant's controler, to learn what defendant's revenue

recognition policies were and how they were applied to the kind of contracts in this case"): **NONe**

6.300 Describe any <u>discovery</u> that one or more parties want(s) to conduct but to <u>which another party objects</u>, indicateing for each such discovery undertaking its purpose or what kind of information would be developed through it: **NONE**

6.400 Identify any <u>subject area limitation on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation: **N/A**

6.500 For each of the following discovery tools, <u>recommend the per-party or per-side limitations</u> (specify number) that should be fixed, subject to later modification by stipulation or court order on appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s):

    6.501 despositions (excluding experts) to be taken by: plaintiff(<u>s</u>)<u>: none</u>    defendant(s):_____

    6.502 interrogatories to be served by: plaintiff: Intitial interrogatory-(25 each defendant) Reply-(25 each defendant) counter reply (25 each defendant). defendant(s): _____

    6.503 documents production requested to be served by: plaintiff: <u>documents and/or thins requested to be subpoena will be served soon as they become availible to plaintiff.</u>

    6.504 request for admission to be served by: plaintiff(s):25 for each defendant. defendant(s): **N/A**

  6.600 All discovery commence in time to be completed by: <u>Saptember 19, 2008.</u>

6.700 Reports from retained experts due:
     from plaintiff(s) by  **NONE**
     from defendant(s) by  **N/A**

6.800 Supplementations due  <u>at the courts discretion</u>

## 7.0 Protective Order

7.1  If entry of protective order is sought, attach to this statement a copy of the proposed order. **N/A**

7.2 If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below: **NONE**

## 8.0 Certification of Settlement Authority ( All Parties Shall Complete the Certification)

I herby certify that the following individual(s) have settlement authority;

*Errick Phillips*
<u> </u>
Name

*Self*
<u> </u>
Title

*SCI Retreat 660 State Route 11*
*Hunlock Creek Pa 18621*
Address
(   )_____-_____  Daytime Telephone



<u> </u>
Name

<u> </u>
Title

<u> </u>
Address
(   )____-_____  Daytime Telephone

**9.0 Scheduling**

9.1    This case may be appropriate for trial in approximately: **X** 240 Days from the filing of the action in this court
___ 365 Days from the filing of the action in this court
___ Days from the filing of the action in this court

9.2    Suggested Date for Trial:
May 2009 (month/year)

9.3    Suggested Date for final Pretrial Conference:
Court's discretion (month/year)

9.4    Final date for joining additional parties:
**NONE** Plaintiff(s)
_____ Defendant(s)

9.5    Final date for amending pleadings:
Court's discretion Plaintiff(s)
_____ Defendant(s)

9.6    All potentially dispositive motions should be filed by: October 20, 2008; responces to any dispositive motion shall be due by **November 3, 2008**

**10.0 Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

10.1  Possible Settlement

10.2  Any and all defendant's expert witnesses and/or witnesses that attempt to justify falsely the defendant's actions with Fraudulent Testimony or Fraudulent Documents. Plaintiff seeks to "add any and all" co-conspirators, as defendants to this suit.

**11.0 Idenification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.

Electronic filing is required unless good cause is shown
to the Chief Judge why counsel cannot comply with this
policy. Any request for waiver of electronic filing must
be filed with the Clerk's Office prior to the case manage-
ment confrence. The Chief Judge may grant or deny such
request.

Identify by name, adrress, and telephone number lead
counsel for each party. Also please indicate ECF User
status below.


Date        Errick Phillips acting Pro SE  *Errick Phillips*
       __X__   Attorney(s) for Plaintiff
       _____   ECF User(s)
       _____   Waiver requested ( as separate document )
       _____   Fed.R.Civ.P.7.(statement filed if necessary)*


Date        _____
       _____   Attorney(s) for Defendant(s)
       _____   ECF User(s)
       _____   Waiver requested (as separate document)
       _____   Fed.R.Civ.P.7.(statement filed if necessary)*

## CERTIFICATE OF SERVICE

The undersign hereby certifies that, on the 7th day of September, 2008, a true and complete, correct copy of a **Joint Management Plan**, was served upon the following:

Donald E. Wieand Jr., Esq                  Thomas M. Caffrey, Esq
190 Brodhead Rd                            Attorney I.D 46558
Suit 200                                   532 Walnut Street
Bethlehem, Pa 18017-8617                   Allentown, Pa 18101

**Served Via: U.S Mail**

ERRICK PHILLIPS